Guinn *et al.* v. Taylor.

Holden, J.   A will devising certain property contained the following provisions: "Item third. I will and bequeath to my beloved daughter, Martha Scott Guinn, and her children born and to be born, all of my property, real and personal, that may belong to me at the time of my death. The income of all such property to be for the use and benefit of my said daughter, Martha Scott Guinn, formerly Martha Scott Abrahams. Said income to be used by her without liability to account to her said children for her benefit and that of her said children and to be free from all debts of Robert J. Guinn, her husband, neither is said income to be sold for any debts of the said Martha Scott Guinn except any surplus which may remain after a support has first been allowed for her and her said children. Neither shall any part of the property outside of the income be sold for the debts of the said Martha Scott Guinn. In case of death of any of the children the said Martha Scott Guinn, without issue living at that time, then the part going to such child shall immediately vest in the survivor or survivors in equal shares." Item fourth provided for the appointment of a trustee for Martha Scott Guinn and her children, to preserve the corpus and to pay over to Martha Scott Guinn the income from the property; and provided that, with the consent in writing of the trustee and the ordinary, the property might be sold publicly or privately, the proceeds thereof to be reinvested "upon like uses and purposes." "Item fifth. Upon the death of my daughter, Martha Scott Guinn, it is my will that all the property with its income if any be equally divided, share and share alike, between the children of the said Martha Scott Guinn, then living. If any of the children of Martha Scott Guinn, should die before her death, without children, then the part of such deceased child or children shall go to the survivors; but should any of the children of Martha Scott Guinn be dead at the time of the death of Martha Scott Guinn and leave a child or children, they to stand in the place of deceased parent." Item sixth provided that the trustee "shall appropriate each year from the proceeds

of my estate a sum sufficiently to keep the graves of my husband and myself in good condition." The wife of the plaintiff was one of four children of Martha Scott Guinn, all of whom survived her. The plaintiff claims an interest in the property as heir of his wife. *Held:*

(a) Construing in connection with each other the items of the will above named, it was the intention of the testator to hold the property together until the death of Martha Scott Guinn, with a proviso that in the event of the death of any of her children in her lifetime, the interest devised to such child was to go to the "survivors," but at the death of Martha Scott Guinn the property was to be divided and vest absolutely in the persons then entitled, namely, one share to each of her children then living, and one share per stirpes to the surviving children of any child of Martha Scott Guinn who died during her lifetime. The wife of the plaintiff, having survived her mother, Martha Scott Guinn, took a vested interest in the property, which would descend by inheritance to her heirs.

(b) The plaintiff, as sole heir of his wife, having petitioned the court for a partition of property conveyed by the will, it was proper to overrule a demurrer to the petition setting up the contention that the plaintiff was not entitled to any interest in such property as heir of his wife.

　　　　　　　　*Judgment affirmed. All the Justices concur.*

　　　　　　　　July 13, 1910.

Partition. Before Judge Freeman. Troup superior court. February 13, 1909.

*H. A. Hall,* for plaintiffs in error. *E. R. Bradfield Jr.,* contra.